O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JERRY MULLENS, | ) | Case No. CV 09-9118-RSWL (DTB) |
| Petitioner, | ) | |
| vs. | ) | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION UNDER RULE 60(b) |
| KELLY HARRINGTON, Warden, | ) | |
| Respondent. | ) | |

## PROCEEDINGS

On December 11, 2009, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein. The Petition purported to be directed to petitioner's 2007 conviction in Los Angeles County Superior Court of attempted murder and shooting at an occupied vehicle, as well as true findings on the sentence enhancement allegations that petitioner personally discharged a firearm and that the offenses were committed for the benefit of a criminal street gang. The Petition stated the following two grounds for relief: (1) The evidence was insufficient to support the finding that the attempted murder was willful, deliberate, and premeditated; and (2) the evidence was insufficient to support the true finding on the criminal street gang enhancement. (Pet. at 5.) In support of his claim in Ground Two, petitioner stated,
///

"[g]ang evidence proved an inflammatory biased jury trial, thus violating petitioner's Constitutional Due Process." (Pet. at 5.)

In accordance with the Court's January 5, 2010, Order Requiring Response to Petition, respondent filed a Motion to Dismiss ("Motion") on February 3, 2010, wherein respondent contended that Ground Two of the Petition included an unexhausted claim - that the admission of the gang evidence violated petitioner's federal constitutional rights. In a Minute Order issued on May 28, 2010, the Court advised petitioner that, based on its review of his Petition for Review to the California Supreme Court, the Court was inclined to concur with respondent that Ground Two contained an unexhausted claim. Accordingly, unless petitioner (a) convinced the Court otherwise, (b) filed a notice to the effect that he was withdrawing his unexhausted claim and electing to go forward solely on the insufficiency of the evidence claim alleged in Ground Two (which the Court would construe as corresponding to the insufficiency of the evidence claim presented in petitioner's Petition for Review), or (c) requested that the Court hold the Petition in abeyance while he returned to state court to exhaust his state remedies with respect to his currently unexhausted claim and also made the requisite showing of good cause under Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) for his failure to exhaust his claims first in state court,[1] the Court would be compelled to recommend the dismissal of the Petition without prejudice as a "mixed petition." Petitioner failed to respond to the Court's May 28, 2010 Order and, therefore, on September 13, 2010, the Court issued its Report and Recommendation wherein it

---

[1] The Court further advised petitioner that, if he requested that the Court hold the Petition in abeyance while he returned to state court to exhaust his state remedies with respect to his currently unexhausted claim, he would also need to satisfy two other prerequisites to invoking the stay and abeyance procedure--*i.e.* that the unexhausted claims not be "plainly meritless" and that petitioner not have engaged in "abusive litigation tactics or intentional delay." Rhines, 544 U.S. at 277-78.

recommended that respondent's Motion be granted and directed petitioner to either file a First Amended Petition limited to his already exhausted federal constitutional claims (*i.e.*, Ground One and the insufficiency of the evidence claim alleged in Ground Two) or a notice of withdrawal of his unexhausted claim in Ground Two within 20 days of the filing of the Report and Recommendation, or Judgment would be entered denying the Petition and dismissing this action without prejudice for failure to exhaust state remedies. As petitioner failed to file either a First Amended Petition or a notice of withdrawal of his unexhausted claim, on October 25, 2010, the District Court adopted the Report and Recommendation and entered Judgment, granting the Motion and dismissing the action without prejudice. On June 6, 2011, petitioner filed a Notice of Appeal. On August 9, 2011, the Ninth Circuit denied petitioner's request for a certificate of appealability on the grounds that he had failed to timely file a notice of appeal.

On May 29, 2012, petitioner filed a "Motion to Reopen Final Judgment and Relief from Final Judgment Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure" ("Rule 60 Motion"). In his Rule 60 Motion, petitioner purports to be seeking relief from the Judgment under Rule 60(b)(6). In response to petitioner's Rule 60 Motion, on June 29, 2012, the Court issued an Order re Further Proceedings wherein the Court advised petitioner that he bore the burden of demonstrating that he had been diligent in seeking relief from the Judgment, and that he was not responsible for the delay. In order to afford petitioner the opportunity to provide a factual basis for his delay in seeking relief, petitioner was ordered to submit a supplemental brief and declaration setting forth the specific facts and extraordinary circumstances which delayed him from seeking relief from the Judgment. On November 6, 2012, after two extensions of time, petitioner filed a Supplemental Brief and Declaration in support of his Rule 60 Motion.

///

The Court has now reviewed and considered petitioner's Rule 60 Motion, as

well as his Supplemental Brief and Declaration.  As set forth herein, the Court recommends that the Motion be denied.

## ANALYSIS

In his Motion, petitioner alleges the following: That the District Court's dismissal of the Petition without informing petitioner of the three step stay and abeyance procedure set forth in Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) and Kelly v. Small, 315 F.3d 1063, 1069-71 (9th Cir. 2002), resulted in prejudicial error, and that the failure of the District Court to allow petitioner to delete the unexhausted claims and proceed with the exhausted claims unreasonably impaired petitioner's right to obtain federal relief. (Rule 60 Motion at 9, 11.)

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) [M]istake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b)(6) is a "catch-all provision" that allows a court to vacate a judgment "for any other reason justifying relief." Lehman v. U.S., 154 F.3d 1010, 1017 (9th Cir. 1998).  The Ninth Circuit has cautioned that Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action

to prevent or correct an erroneous judgment." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quoting Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1103 (9th Cir. 2006)). In this regard, "a party seeking to reopen a case under Rule 60(b)(6) must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." Id. (internal quotations omitted). While Rule 60(b)(6) does not particularize any factors that must be met before relief is proper, the Supreme Court has also cautioned that Rule 60(b)(6) should be used sparingly and only under "extraordinary circumstances." Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 864, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988).

Here, petitioner has failed to set forth a basis upon which relief may be granted under Rule 60(b)(6), or under any of the grounds provided for in Rule 60(b). For instance, petitioner has failed to present any newly discovered evidence, or misconduct by the prosecution. Fed. R. Civ. P. 60(b)(1)-(3). Nor has petitioner identified any reason to declare the Judgment void or any intervening circumstances that render the Judgment no longer equitable. Fed. R. Civ. P. 60(b)(4),(5). Finally, petitioner has failed to identify any extraordinary circumstances which might warrant relief under Fed. R. Civ. P. 60(b)6.

Contrary to petitioner's assertions in his Rule 60 Motion, the District Court advised him - twice - during the pendency of the underlying action that the Petition contained an unexhausted claim, and, therefore, that he either had to withdraw the unexhausted claim or seek a stay and abeyance of the action for purposes of exhausting the deficient claim in state court. In its Minute Order dated May 28, 2010, the Court informed petitioner that it was inclined to agree with respondent that Ground Two of the Petition appeared to include an unexhausted subclaim and, that unless he could show that this subclaim had been properly exhausted, he would either have to withdraw it or seek stay and abeyance under Rhines. Otherwise, the action would have to be dismissed as a "mixed" petition containing both exhausted and

unexhausted claims. (Dkt. No. 12.) In spite of this admonition, petitioner failed to advise the Court as to the procedural course he intended to follow. Accordingly, on September 13, 2010, the Magistrate Judge issued a Report and Recommendation wherein the Magistrate Judge referenced the May 28, 2010 Order regarding the unexhausted subclaim, as well as petitioner's options relating thereto, and also recommended that the action be dismissed without prejudice unless petitioner limited his Petition to his exhausted claims. (Dkt. No. 13.) Petitioner again failed to respond and otherwise failed to file objections to the Report and Recommendation. Thereafter, the District Judge accepted the Report and Recommendation and entered Judgment on October 25, 2010, dismissing the action without prejudice. Following the dismissal, petitioner took no action for more than eight months before filing a Notice of Appeal.

Petitioner has provided this Court with no facts which would provide a basis for relief from the Judgment entered on October 25, 2010. Moreover, petitioner has failed to meet his burden of demonstrating that extraordinary circumstances prevented him from taking action in a timely manner to correct any error in the Judgment. <u>Harvest</u>, 531 F.3d at 749. Petitioner has also failed to show that he diligently sought relief from the Judgment following its entry. Indeed, petitioner's initial response to the Judgment was to file a Notice of Appeal (albeit nearly eight months after the Judgment was entered), rather than seeking relief from the Judgment in the District Court.

For the foregoing reasons, petitioner's Rule 60 Motion is denied.

DATED: February 5, 2013

RONALD S.W. LEW
RONALD S. W. LEW
UNITED STATES DISTRICT JUDGE

Presented by:

David T. Bristow
United States Magistrate Judge

6